TIMOTHY J. FELL, for defendant in error; HERMANN P. HAASE, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 789*—*when evidence is insufficient to show that insured was engaged in prohibited occupation of bartender.* In an action on a mutual benefit insurance policy, evidence *held* insufficient to show that insured, who had been in the habit of frequenting his brother's saloon, had been engaged in the prohibited occupation of bartender.

2. INSURANCE, § 789*—*when person occasionally selling liquor is not engaged in prohibited occupation of bartender.* Casual sales of liquor made from time to time in a brother's saloon by one not employed for the purpose and receiving no compensation therefor do not, as a matter of law, constitute him a person engaged in the occupation of bartender in violation of a provision of a mutual benefit insurance policy.

---

## Edward Hudson, Defendant in Error, v. Ben Marks et al., Plaintiffs in Error.

### Gen. No. 21,553.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed January 17, 1917. Rehearing denied January 29, 1917.

### Statement of the Case.

Action by Edward Hudson, plaintiff, against Ben Marks, D. S. Marks, Emanuel Mendelson and I. Lipsey, defendants, to recover rent under a lease. From

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the denial of the motion to vacate a judgment against defendants entered by confession under a power of attorney, reserved to plaintiff in the lease, defendants bring error.

LEVY & LEVY, for plaintiffs in error.

FREDERICK A. BROWN and RAYMOND S. PRUITT, for defendant in error; JOHN G. MCDONALD, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 310*—*when receipt of rent with knowledge of illegal use of premises does not constitute defense to action on lease.* It is not a defense to an action by a landlord against lessees on a lease for rent that the lessor received rent with the knowledge that the premises had been used for immoral purposes where it is not shown that he acquiesced in such use or permitted the occupants to continue the use of the premises for such a purpose.

2. JUDGMENT, § 82*—*when judgment by confession will not be vacated.* A judgment by confession will not be vacated unless the affidavit on which it is based sets out facts which, if true, would in themselves constitute a defense.

3. JUDGMENT, § 82*—*how affidavits filed in support of motion to vacate judgment by confession must be construed.* Affidavits filed in support of a motion to vacate a judgment by confession must be construed most strongly against the party making the application.

4. JUDGMENT, § 82*—*when affidavit in support of motion to vacate judgment by confession is insufficient.* An affidavit filed in support of a motion to vacate a judgment by confession on a lease which stated that the assignees of the lease used the premises as a house of ill fame, that the use of such premises by the assignees for such purpose was with full knowledge and notice thereof on the part of the plaintiff, and that the plaintiff accepted certain payments of rent knowing the money paid to him was the proceeds of the unlawful and immoral uses to which said premises were devoted, *held* insufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.